IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

VICTOR WARD,

           Petitioner,

   v.                                            ORDER
                                                07-C-362-S
                                                04-CR-56-S

UNITED STATES OF AMERICA,

           Respondent.
_____

    Petitioner Victor Ward moves to vacate his sentence pursuant to 28 U.S.C. § 2255. This motion has been fully briefed and is ready for decision.

    Petitioner asks the Court to hold an evidentiary hearing. This motion will be denied as a hearing is not necessary under 28 U.S.C. § 2255. See United States v. Kovic, 840 F.2d 680, 682 (7th Cir. 1987).

FACTS

    On March 31, 2004 the grand jury in the Western District of Wisconsin returned an indictment charging Victor Ward with four counts of knowingly and intentionally distributing cocaine base. On July 21, 2004 defendant pled guilty to Count 3 of the indictment pursuant to a written plea agreement. Count Three charged petitioner with delivering 7.02 grams of cocaine base. This charge carried a maximum term of imprisonment of five years. Prior to

petitioner's plea the United States filed an information seeking an increased penalty because of his prior conviction for a felony drug offense.

At the July 21, 2004 plea hearing the Court went through the plea agreement sentence by sentence ensuring petitioner's understanding and agreement with each paragraph. The Court stated in specifically concerning the plea agreement as follows:

> And because this plea has been signed on June 15th the United States will move at the time of sentencing for an additional one-point reduction pursuant to the sentencing guidelines based on your timely notification of your intent to plead guilty. The motion is contingent on your qualifying for such a motion under 3E1.1(a). The United States, however, is free to withdraw the recommendation or decline to make any such motion if you have previously engaged in any conduct unknown to the United States and which is inconsistent with acceptance of responsibility or if you engage in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with the acceptance of responsibility. R33, p.16.

The Court also asked petitioner a number of questions to determine that the plea was, in fact, voluntary. At the plea hearing petitioner also testified that he was fully satisfied with his counsel's representation and advice given to him in the case.

A presentence report was prepared by the United States Probation Office. The report concluded that petitioner's relevant conduct included 119.794 grams of crack cocaine. The base offense

level was 32 reduced to 29 by a three point reduction for acceptance of responsibility. Petitioner's criminal history category was II placing him in the guideline range of 97-121 months. The statutory minimum sentence limited the range to 12-121 months.

The government advised that it did not intend to move for the third point of acceptance of responsibility due to the untimeliness of the plea. Without this reduction petitioner's guideline range was 120-135 months.

Petitioner objected to the inclusion of the drugs found in his father's house being included in the total offense conduct. He also suggested a downward departure based on the circumstances of his prior felony drug conviction.

At the October 6, 2004 sentencing hearing the Court declined to give petitioner a downward departure finding that no exceptional circumstances existed. The Court sentenced petitioner to 135 months in prison.

Petitioner appealed his conviction. The United States Court of Appeals for the Seventh Circuit affirmed the petitioner's conviction finding the district court properly imposed a sentence that applied the guidelines as advisory. Petitioner did not challenge the reasonableness of his sentence on appeal.

On July 10, 2007, petitioner filed this motion under 28 U.S.C. § 2255.

3

MEMORANDUM

Petitioner claims that his counsel was ineffective because he did not object to the government's failure to move for the third point for acceptance of responsibility and did not challenge the drug quantity determination. Petitioner also contends that his sentence is unreasonable.

Three types of issues cannot be raised in a 28 U.S.C. § 2255 motion: issues that were raised on direct appeal, absent a showing of changed circumstances; non-constitutional issues that could have been raised but were not raised on direct appeal and constitutional issues that were not raised on direct appeal, unless petitioner demonstrates cause for procedural default as well as actual prejudice from the failure to appeal. Prewitt v. United States, 83 F.3d 813, 816 (7th Cir. 1996). Issues raised and decided on direct appeal may not be raised again in a 28 U.S.C. § 2255 motion pursuant to the "law of the case". See Daniels v. United States, 26 F.3d 706, 711-12 (7th Cir. 1994).

Petitioner is procedurally barred from raising his claim that his sentence was unreasonable because he did not raise it on direct appeal. Further, he has not shown cause nor prejudice for failing to do so. Prewitt, 83 F.3d 816.

The Court will address petitioner's ineffective assistance of counsel claims. To demonstrate ineffective assistance of counsel, petitioner must show that his counsel's representation fell below

4

an objective standard of reasonableness and the deficient performance so prejudiced his defense that it deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 688-94 (1984). In the context of a guilty plea petitioner must show that but for the deficient advice of counsel he would not have pled guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Where a petitioner is challenging his sentence he must show that but for counsel's action or inaction he would have received a shorter sentence. Glover v. United States, 531 U.S. 198 (2001).

Petitioner claims that his counsel was ineffective for failing to object to the Court's refusal to give the defendant a three point reduction for acceptance of responsibility. Although petitioner signed the plea agreement on June 15, 2004 he did not enter his guilty plea in Court until July 21, 2004. On July 8, 2004 the government sent petitioner a letter stating that if his plea was not entered by July 14, 2004 it would not be moving for the third point for acceptance of responsibility.

At sentencing the government did not move for the third point reduction. Petitioner had been advised at the plea hearing that the government could withdraw its motion based on petitioner's conduct. Absent the motion, the Court could not grant the additional one point reduction. USSG §3E1.1, comment 6. Any objection by petitioner's counsel to the Court's refusal to give

5

him the three point reduction would have been without merit. Accordingly, counsel was not ineffective for failing to object.

Petitioner claims that his counsel was ineffective for failing to challenge the drug quantity calculations. His attorney objected to the drug quantity amounts. Petitioner's counsel's performance was not deficient.

Petitioner has not shown that counsel's performance was deficient nor that he would have proceeded to trial or received a shorter sentence absent his counsel's performance. Plaintiff did not receive ineffective assistance of counsel. Accordingly, his 28 U.S.C. § 2255 motion must be denied.

Petitioner is advised that in any future proceeding in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his motion under 28 U.S.C. § 2255 must be denied. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

## ORDER

IT IS ORDERED that petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 is DENIED.

Entered this 3rd day of October, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge